## In re Sue Ann CELESTE, Debtor.

### No. 02–14169DK.

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

June 1, 2004.

Lawrence F. Regan, Jr., Rockville, MD, for Debtor.

Timothy P. Branigan, Chapter 13 Trustee.

### ORDER DETERMINING DEBTOR'S RIGHT TO IMMEDIATE ENTRY OF DISCHARGE

DUNCAN W. KEIR, Bankruptcy Judge.

On May 7, 2004, the debtor filed a Motion for an Order Expediting Discharge. In that Motion, debtor averred that the debtor had submitted to the Trustee all plan payments and asserted that the debtor was thereupon entitled to the entry of an Order of Discharge. The Chapter 13 Trustee filed a response to the Motion contesting debtor's right to an immediate entry of Order of Discharge. In the Trustee's response, the Trustee asserted that a discharge should not be entered until the Trustee has completed making distributions to creditors under the confirmed Chapter 13 plan. The Trustee's grounds for the opposition was by reference to this court's Orders in the case of *In re Leona Wright*, Case No. 01–16655. For the reasons stated herein, the court determines that the debtor is entitled to the immediate entry of an Order of Discharge.

This dispute, particularly the Trustee's reliance upon this court's Orders in the case of *In re Leona Wright*, once again presents an issue as to the rights of a debtor versus the creditors at the end of a Chapter 13 case in which a plan has been confirmed. Since the unreported decisions from *In re Leona Wright* cite to this court's reported opinion in the case of *In re Pegues*, 266 B.R. 328 (Bankr.D.Md. 2001), the court's recitation will begin with that decision.

In *Pegues*, this court determined that when a Chapter 13 case, after confirmation of a plan, exits Chapter 13 (by way of conversion or dismissal) before the debtor has remitted to the Trustee all payments due under the plan, any undisbursed funds remaining in the Chapter 13 Trustee's possession are to be disbursed to creditors under the terms of the Chapter 13 plan.

In the case of *In re Leona Wright*, the court was asked to determine whether the debtor or the debtor's creditors were to receive the benefit of monies derived from

the sale of debtor's residence, which sale occurred after the debtor completed all plan payments under the confirmed plan and after an Order of Discharge was entered in the bankruptcy case. Under the facts of *In re Leona Wright*, the court determined that the debtor was entitled to the excess funds because they were derived from non-estate property originating out of a transaction that occurred after the bankruptcy estate property revested to the debtor upon discharge.[1]

■ In the instant case, the debtor avers that the debtor has remitted to the Trustee all of the plan payments provided for under the confirmed Chapter 13 plan. The Trustee does not dispute this assertion. However, the Trustee argues that the Order of Discharge should not be entered until the instruments (checks) remitted by the debtor are paid by the drawee banks *and* the Trustee has subsequently disbursed all of the funds to creditors in accordance with the plan. In as much as the Motion for an Order Expediting Discharge was filed on May 7, 2004, and the Trustee has not filed any pleading with this court asserting that the checks received remain outstanding, the court assumes that by the time of the writing of this Order, all instruments of payment to the Trustee have been successfully collected by the Trustee, or returned to the Trustee unpaid.

■ The court agrees with the Trustee's position that the debtor is not entitled to the entry of an Order of Discharge until all payments received by way of check or other instrument have successfully been collected by the Trustee. Until collection occurs, there is not actually a transfer of funds to the Trustee in payment of the plan as required. However, the court disagrees with the Trustee's additional requirement that the Trustee have completed distribution of the funds to creditors before a discharge should be entered.[2]

In explaining the Trustee's position, the Trustee makes reference to the consequences of the decision in *In re Leona Wright*. Apparently, the Trustee wishes to delay the legal event which would cause the debtor to benefit from a subsequent disposition of an interest in her property. In this court's opinion in the case of *In re Morgan*, 299 B.R. 118 (Bankr.D.Md.2003), the court determined that where the debtor disposes of an interest in real estate that was property of the bankruptcy estate, by sale or refinancing, after confirmation but before plan completion, such disposition triggers a modification of the Chapter 13 plan and requires the court to apply the equivalency test with respect to a hypothetical Chapter 7 liquidation under 11 U.S.C. § 1325(a)(4) at the time of such modification. *See also, In re Stinson*, 302 B.R. 828 (Bankr.D.Md.2003)(E. Stephen Derby, Bankruptcy Judge). Consequently, if the debtor disposes of an interest in property before completion of the plan and before the entry of an Order of Discharge, appreciation in value may benefit creditors under this court's decision in *In re Morgan, supra*. If the debtor disposes of property after completion of the plan and after the entry of an Order of Discharge (and consequent revesting to the debtor of

---

**1.** The court entered an Order granting debtor's request for a return of excess funds on August 15, 2003. That Order was amended in part by an Order determining Trustee's motion for reconsideration entered on October 10, 2003. At the time of the decision in the instant case, there is an appeal of those Orders pending before the United States District Court for the District of Maryland.

**2.** The Trustee makes disbursements to creditors pursuant to confirmed plans on a periodic basis rather than immediately upon receipt of the funds by the debtor in each case.

the estate's interest in property), appreciation in value may benefit the debtor, as in *In re Leona Wright, supra.*

It appears that in his opposition to the instant Motion, the Trustee seeks to delay the event of demarcation between these two results. Such a delay, while protective of the pecuniary interest of creditors, has no statutory foundation. The express words of the Bankruptcy Code dictate when the Order of Discharge must be entered. Those words are:

Sec. 1328. Discharge

■ **(a) As soon as practicable after completion by the debtor of all payments under the plan,** unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title;

(2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title; or

(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

11 U.S.C. § 1328 (Emphasis added). "Once all of the payments prescribed by the confirmed plan are made, whether received by the trustee singularly over a series of months, or received in an aggregate amount in one prepayment, this Court is of the opinion that such a debtor has accomplished a 'completion . . . . of all payments under the plan' and becomes at that moment statutorily entitled to the entry of a discharge under the plain language of § 1328(a)." *In re Smith,* 237 B.R. 621, 626 (Bankr.E.D.Tex.1999).

■ Without question, a debtor has completed all payments under the plan when the debtor has delivered to the Trustee checks or other instruments of payment for amounts due and those instruments have cleared and have been collected into the Trustee's account. The statute does not condition the entry of the Order of Discharge upon disbursement by the Trustee of the payments received by the debtor, nor is the Order of Discharge conditioned upon the filing of the Trustee's Final Report after such disbursements have been sent out by the Trustee and negotiated by recipients. If, as it appears in the instant case, all payments have been made by the debtor and successfully collected by the Trustee, then a debtor's request for an immediate entry of an Order of Discharge must be granted. Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that if the Trustee has not received collection of any remittance of payment under the plan from the debtor, the Trustee shall file with this court a statement to that effect within two (2) days after the date of entry of this Order; and it is further

ORDERED, that on the third day after entry of this Order, if no statement of non-receipt is filed by the Trustee, the Clerk shall immediately enter an Order of Discharge in this case.